<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| I.P., | : | Civil Action No. 24-9082 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

  This matter comes before the Court on the appeal by Plaintiff I.P. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

  In brief, this appeal arises from Plaintiff's application for disability insurance benefits and supplemental security income, alleging disability beginning March 22, 2020. A hearing was held before ALJ Peter Lee (the "ALJ") on October 30, 2023, and the ALJ issued an unfavorable decision on January 31, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

  In the decision of January 31, 2024, the ALJ found that, at step three, Plaintiff did not

1

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional limitations. At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in

2

her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

The arguments in Plaintiff's opening brief are divided into two sections: the first section appears to be directed to challenges to steps two and three, while the second section appears to be directed to steps four and five. Both sections contain loosely organized sketches of alleged errors made by the ALJ. At no point does Plaintiff address Shinseki's requirement that Plaintiff bears the burden of showing that an alleged error was harmful. As a result, none of Plaintiff's arguments of error meets the requirements of Shinseki.

Plaintiff's discussion of errors at step two appears to be a loose collection of comments. Plaintiff writes: "Clearly, Judge Lee's opinion is not supported by substantial evidence." (P. Br. at 20.) Plaintiff does not explain or discuss this assertion. The Court is unable to discern in Plaintiff's brief what specific errors the ALJ is alleged to have made at step two, nor how those alleged errors harmed her.

Plaintiff next turns to the ALJ's analysis at step three, first addressing the ALJ's discussion of Listing 1.15. In short, Plaintiff does not muster the evidence to demonstrate that the evidence of record demonstrates that he meets all requirements of Listing 1.15, and he fails to persuade that any error in the step three analysis was harmful. Plaintiff contends that the ALJ did not consider Plaintiff's cardiac impairments or migraines, but does not point to any specific Listings that Plaintiff meets that were overlooked by the ALJ. Plaintiff contends that Plaintiff meets the criteria for Listings 12.06 and 12.15 but does not muster the evidence of record, with citations to specific pages of the record, to demonstrate that all the requirements of either listing have been met. As a result, again, Plaintiff failed to demonstrate that he was prejudiced by any errors in regard to Listings 12.06 and 12.15.

In the discussion of step four, Plaintiff argues that the RFC determination is not supported by substantial evidence. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain additional exertional limitations. As the ALJ stated in the decision, this determination is supported by the opinions of the state agency reviewing physicians. (Tr. 31, 32, 141, 142, 161.) This Court has reviewed the residual functional capacity determination and finds that it is supported by substantial evidence.

Lastly, Plaintiff argues that, at step five, the ALJ failed to present the vocational expert with a "complete hypothetical." (Pl.'s Br. at 31.) Plaintiff explains that the hypothetical did not contain limitations due to neck pain and leg pain. Third Circuit law on this point is clear:

> We do not require an ALJ to submit to the vocational expert every impairment alleged by a claimant. Instead the directive in *Podedworny* is that the hypotheticals posed must "accurately portray" the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments "as contained in the record." . . . Fairly understood, such references to all impairments encompass only those that are medically established. . . And that in turn means that the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations.

Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (emphasis added). "Credibly established limitations" refers to limitations established in the step four residual functional capacity determination. The RFC determined by the ALJ did not contain limitations produced by leg pain and neck pain. The Court finds that the hypothetical presented to the vocational expert at step five accurately conveyed all of the claimant's credibly established limitations, as required by Third Circuit law.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that he was harmed by any errors. Plaintiff has not shown that the ALJ erred, has not shown that the evidence supported a decision in his favor, and has made no demonstration of

4

prejudice as required by Shinseki.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                  s/ Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.

Dated: January 28, 2026